In the Matter of PAUL H. WASMUND et al., Respondents, against FIORELLO H. LAGUARDIA, as Mayor of the City of New York et al., Appellants.

Argued January 9, 1942; decided March 5, 1942.

418

*William C. Chanler, Corporation Counsel (Paxton Blair and Nicholas Bucci* of counsel), for appellants. Section 1143 of the Education Law (Cons. Laws, ch. 16) makes it the duty of the Board of Higher Education to furnish collegiate education only; it does not perpetuate preparatory institutions connected with colleges. (*People ex rel. Brown* v. *Woodruff*, 32 N. Y. 355; *Matter of Becker* v. *Eisner*, 277 N. Y. 143; *Matter of College of the City of New York* v. *Hylan*, 205 App. Div. 372; 236 N. Y. 594.) The development of the public high schools maintained by the Board of Education renders it no longer necessary for the Board of Higher Education to maintain the Townsend Harris High School, and the Board's determination to this effect was not an abuse of discretion. (*Matter of Divisich* v. *Marshall*, 281 N. Y. 170.)

*Joseph Lorenz* and *John F. X. Finn* for respondents. The action of the Board of Estimate in refusing to appropriate the sum originally estimated and reported by the Board of Higher Education as the required appropriation for Townsend Harris High School and in ordering its abolition, was invalid and beyond its power. (*Matter of College of the City of New York* v. *Hylan*, 205 App. Div. 372; *People ex rel. College of the City of New York* v. *Hylan*, 116 Misc. Rep. 334; 198 App. Div. 998; *Matter of Wingate* v. *McGoldrick*, 279 N. Y. 246; *Matter of McAneny* v. *Board of Estimate,*

232 N. Y. 377; *Forbes* v. *Cohen*, 254 App. Div. 548; *People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377.) The courts below correctly held, as a matter of law, that the Board of Higher Education has no power under the statute to abolish Townsend Harris High School. (*Matter of Talbot* v. *Board of Education*, 171 Misc. Rep. 974; *Peace* v. *McAdoo*, 110 App. Div. 13; *Thousand Island Park Assn.* v. *Tucker,* 173 N. Y. 203; *State* v. *McNonies*, 75 Neb. 443; *Johnson* v. *Philadelphia*, 94 Miss. 34; *People* v. *Pearson*, 234 Ill. App. 313; *Wright* v. *Board of Education*, 295 Mo. 466; *Smith* v. *Board of Education*, 264 Ky. 150.)

LEWIS, J.   In a proceeding under article 78 of the Civil Practice Act an appeal by our permission brings up for review an order of the Appellate Division unanimously affirming an order of Special Term which directs the defendant-appellant, Board of Higher Education of the City of New York, to rescind certain formal action taken to effect the discontinuance of Townsend Harris High School. The order also directs the appellants, the Board of Estimate, the Council and the Budget Director of the city of New York, to restore to the city budget for the fiscal year 1941–1942, and to appropriate, the sum of $100,000 which has been eliminated from an estimate originally submitted by the Board of Higher Education for the maintenance of Townsend Harris High School.

The Board of Higher Education of the city of New York — to be distinguished from the Board of Education — is empowered by statute (Education Law, § 1142; Cons. Laws, ch. 16) to administer that part of the public school system within the city which is of collegiate grade. Among other powers — some of which are presently to be considered — the Board is also authorized to prepare annual budgetary estimates for institutions under its control and to submit the same to the Board of Estimate. Thereafter agencies charged by law with such functions are authorized and directed to insert in the annual budget and to appropriate to the Board's use the sum so estimated. (Id. § 1143.)

The position of Townsend Harris High School in the educational system of New York is unique. For many years it has been connected with one of the colleges of The College of the City of New York, and although denominated as a high school it is conceded to be under the jurisdiction and control of the Board of Higher Education.

On June 16, 1941, the Board of Higher Education by resolution stated that it favored the discontinuance of Townsend Harris High School. Any doubt as to the position of the Board of Higher Education on that subject was removed by a resolution by the Board adopted September 4, 1941, in which it declared its " independent judgment " to be that Townsend Harris High School should be discontinued at the close of the school year in June, 1941, and that no new students should be enrolled for the school year commencing in September, 1941, or thereafter. To that end, and by the same resolution, the Board of Higher Education modified its budget estimate previously submitted to the Board of Estimate for 1941–1942 by reducing from $295,297 to $195,297 the appropriation requested for the maintenance of Townsend Harris High School. It is thus seen that the order before us directs the restoration to the city budget for 1941–1942 of the excised sum of $100,000 for which, according to the resolution of the Board of Higher Education, no necessity exists.

The petitioners-respondents assert that as matter of law the Board of Higher Education has no power to take action looking toward the discontinuance of Townsend Harris High School and that accordingly the action of the Board of Estimate, the Director of the Budget and the Council, in refusing to appropriate the sum originally estimated by the Board of Higher Education as required for the maintenance of Townsend Harris High School for the fiscal year 1941–1942, was without legal sanction.

If the applicable statutes grant to the Board of Higher Education, acting in conjunction with the budgetary agencies, an administrative discretion in the matter of discontinuing Townsend Harris High School, the courts may

interfere with such action only in the event the record discloses circumstances which leave no scope for the exercise of that discretion in the manner of which the petitioners-respondents complain. (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464, 469; *Matter of Stracquadanio* v. *Dept. of Health*, 285 N. Y. 93, 96.)

The history of Townsend Harris High School relates itself to the history of The College of the City of New York, which was chartered in 1847 (L. 1847, ch. 206, as amd. by L. 1866, ch. 264). It now comprises four colleges — The City College, Hunter College, Brooklyn College and Queens College. Originally it comprised only The City College — hereinafter referred to as City College — which until 1900 was divided into five classes: the usual senior, junior, sophomore and freshman classes and a fifth class known as the sub-freshman class. In 1901 two classes were added known as sub-freshman classes B and C and thereafter until 1930 the three sub-freshman classes were conducted in one of the college buildings, known as Townsend Harris Hall, on Amsterdam avenue at One Hundred and Thirty-eighth street, in the borough of Manhattan. Since 1930 the three sub-freshman classes have been known as Townsend Harris High School, and have been conducted at 17 Lexington avenue in the borough of Manhattan. The teaching staff of the school, although separate from the four classes of City College, is under the administrative supervision of the latter institution. The student body is comprised of graduates from elementary schools and junior high schools of the city who have attained an average grade of "A" or " B plus." The curriculum and method of instruction have been designed primarily to meet the needs of unusually gifted students and to prepare them to enter City College where all graduates of Townsend Harris High School are entitled to enter the freshman class without condition and without the necessity of competitive or preliminary examination. Such graduates are thus afforded a slight advantage in eligibility for entrance into City College over graduates from other city high schools who, under

existing regulations, may enter City College only upon condition that they have attained specified grades in their respective high schools and, if such grades have not been attained, then upon competitive examinations.

We learn further from the record that there are now established and maintained in the city of New York fifty-four academic high schools. These institutions are the result of a studied effort by the Board of Education to make effective an educational program which will provide academic high schools which are adequate in number, facilities and character of instruction to meet the city's requirements according to the standard fixed by the State Board of Regents.

It thus appears that although Townsend Harris High School was founded at a time when few, if any, high schools existed in the city and although the curriculum and method of instruction in Townsend Harris High School have since been designed primarily to prepare its students to enter City College, the Board of Education, as a part of its educational program, has now completed and is maintaining in the city a large number of academic high schools where students are afforded instruction of a high standard in preparation for college entrance including admission to City College.

In view of these facts it is important to note that in the resolution of September 4, 1941, adopted by the Board of Higher Education, one of the reasons stated as a basis for its decision to discontinue Townsend Harris High School was that the high schools now established and maintained in the city are affording instruction of such a standard that " the original purposes for which Townsend Harris High School was founded have ceased to be operative."

Despite this declaration by the Board of Higher Education, the respondents have thus far successfully maintained in this proceeding that the statutes which are the source of power exercised by the Board impose upon that agency the mandatory duty to continue Townsend Harris High School and that accordingly the resolutions adopted by the

Board on June 16 and September 4, 1941 — in which was declared its intention to discontinue Townsend Harris High School — and the action taken by the Board of Estimate and other budgetary authorities, were without authority of law. The respondents rely upon section 1143 of the Education Law with special reference to the following portion of that statute: " * * * The board shall furnish the benefits of collegiate education gratuitously to citizens who are actual residents of the city and who are qualified for admission to any regular undergraduate course of study leading to a baccalaureate degree and to any course of study in any preparatory, training or model school connected with any institution under their control; * * *."

We do not find expressed in the statute quoted, nor in other portions of section 1143, an intent by the Legislature to make mandatory the continuation of a non-collegiate institution such as Townsend Harris High School. The quoted portion of section 1143, and indeed article 44-A in its entirety, must be interpreted with reference to the fundamental purpose sought to be accomplished. (*People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43, 49, 50.) That purpose was to bring within the administrative control of a single agency the supervision of public institutions of higher learning. To that end the Legislature established a Board of Higher Education in each city of the state having a population in excess of one million and in which " there are maintained public institutions of higher learning which confers (*sic*) degrees, which are supported out of public funds * * *." (§ 1142; L. 1926, ch. 407.) Then follows a declaration by the Legislature of the purpose which it intended to accomplish — " The said board of higher education of the said city shall govern and administer that part of the public school system within the city *which is of collegiate grade and which leads to academic, technical and professional degrees.*" (Emphasis supplied.)

We may assume, without deciding, that by language to be found in section 1143 (Id.) the Board was given jurisdiction to govern and to administer the affairs of preparatory

schools (including Townsend Harris High School) and any training or model school connected with institutions wherein the Board is required to furnish gratuitously the benefits of collegiate education. But we find nothing in sections 1143, 1144 or 1145 (Id.) declaratory of an intention by the Legislature to impose upon the Board the mandatory duty to continue any preparatory, training or model school. The statute makes clear the purpose to provide an agency to administer and control that part of the public school system " which is of collegiate grade " which gradation was further defined — as if for emphasis — as that " which leads to academic, technical and professional degrees." Having created the Board of Higher Education as an administrative agency to " govern and administer " that part of the public school system which is of collegiate grade (Id. § 1142), we may not ascribe to the Legislature, in the absence of clear language to that effect, an intent to require that Board to perpetuate a preparatory school — such as Townsend Harris High School — which the Board, for reasons clearly stated and in the exercise of administrative discretion delegated to it, has determined to be a non-essential educational unit.

The orders should be reversed and the petition dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Orders reversed, etc.