THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUTH PATTERSON, Appellant, against BOARD OF EDUCATION OF THE CITY OF SYRACUSE et al., Respondents.

Argued March 4, 1946; decided April 18, 1946.

*Ruth Patterson,* appellant in person. I. Petitioner has been arbitrarily, involuntarily, and unlawfully removed from her teaching employment and deprived of a substantial part of her rightful income since the expiration of a year's leave of absence on May 9, 1943. (Education Law, § 872, subds. 3, 3-c.) II. Rule 83 of the Rules of the Board of Education of the City of Syracuse requires the passing of one physical examination only, before reappointment, and no given time is specified. III. The requirement of a discriminatory physical examination provides an unlawful method of dismissal. (Education Law, § 872.) IV. An unlawful method of dismissal is a grave injustice to a teacher and a detriment to the schools.

*Lyle W. Hornbeck, Corporation Counsel (George T. Driscoll* of counsel), for respondents. I. The Board of Education should not be compelled to reinstate or reappoint petitioner under a contract she has abandoned. (*Steinson* v. *Bd. of Educa-*

*tion of N. Y.,* 165 N. Y. 431; *Cooke* v. *Dodge,* 164 Misc. 78; *Miller* v. *Warner,* 42 App. Div. 208; *Matter of Stevens,* N. Y. St. Dept. Rep. 207.) II. Petitioner has not complied with the rules of the Board of Education in order to justify reappointment as a teacher. III. Under rule 83 any physical examination as may be prescribed by the health officer, taken after the expiration of the leave of absence, must be successfully passed before petitioner can be reinstated. IV. This proceeding was prematurely begun, and should be dismissed. (*Matter of Healy,* 34 N. Y. St. Dept. Rep. 449; *Cooke* v. *Dodge,* 164 Misc. 78.)

CONWAY, J. Petitioner was appointed a teacher in the public schools of the city of Syracuse in 1925 after beginning her teaching service in 1918 in the town of Cambridge, New York. In 1929 she received her permanent appointment as teacher from the Board of Education of the City of Syracuse. On March 31, 1942, she was granted a leave of absence, effective May 9, 1942, for one year without pay because of illness. Rule 83 of the Rules of the Syracuse Board of Education thereupon became applicable to her case. That rule reads as follows: " 83 No person shall be appointed a teacher or reappointed after a leave of absence obtained for reasons affecting his health, without first passing such physical examination as may be prescribed by the health officer."

On May 26, 1942, petitioner presented herself to the school health officer for physical examination, and he made a report which he delivered to her, certifying that she was in good physical condition. Thereupon, on June 1, 1942, she made application to the board for reappointment not later than January, 1943, quoting the report of the health officer. The board acknowledged her letter on June 10th, stating that her application had been placed on file. In September, 1942, petitioner requested her reappointment for the fall term, rather than for the January, 1943 term. To that application the board made no reply. On April 9, 1943, not having been reappointed and her year of leave of absence not having expired, she applied for an extension of it to January, 1944. The Board of Education again made no reply. On May 3, 1943, still within the year of her leave of absence, petitioner wrote again asking that, if the extended leave were not granted, that letter might be considered as an application for reappointment as of May 9, 1943. To her request for reappointment the board made no reply,

but wrote to her on May 7, 1943, that her request for extension of leave of absence had been denied. On May 9, 1943, petitioner, who had been compelled to obtain employment in a defense plant, telegraphed to the board from Rochester, where she was employed, that she was available for immediate service and called attention to the fact that she had received no reply to her previous application for reappointment as of May 9, 1943. To that telegraphic communication the board made no reply. Finally, after telephoning to the president of the board, she received a letter under date of July 30, 1943, signed by the Superintendent of Schools, advising her in his opinion that she no longer had tenure of position in the Syracuse school system. On August 2, 1943, she wrote to the Superintendent of Schools and to the president of the Board of Education, asking that she be notified where and when to report for teaching assignment. To those letters no replies were made. No explanation is made or even offered in the record or brief submitted by respondents for their extraordinary conduct. No reference was ever made by them to the fact that the school health officer had found petitioner in good physical condition as far back as May 26, 1942. No request by the Board of Education was ever made that petitioner submit to a physical examination. The rules do not direct that the board order a physical examination, so long as " such physical examination as may be prescribed by the health officer " has been taken and passed. Such examination had been made and notification thereof given to the board.

In the following month petitioner instituted this proceeding to compel the Board of Education to reinstate her to the position in which, concededly, she had had tenure of office. At Special Term petitioner was ordered to submit to such mental and physical examination as the board might require, with the further direction to the board to reappoint her to the first vacancy for which she was qualified in the event that she passed such examination. Upon appeal, the Appellate Division struck out the provision as to a mental examination, but ordered that petitioner submit to such physical examination as the health officer of the board might prescribe, and that the petitioner's right to reinstatement and reappointment by the board should be governed by the result of such examination. Both Special Term and the Appellate Division extended petitioner's leave without pay until such time as she should be reappointed or this pro-

ceeding dismissed. Petitioner has appealed by our leave upon the ground that there was a waiver by the board of any physical examination as of May 9, 1943, and that she is entitled to be reinstated and reappointed unconditionally as of that date.

Two arguments are advanced by respondents. The first is that petitioner abandoned her contract by not presenting herself personally on May 9, 1943, to perform any teaching duties to which she might have been assigned. On the argument it was urged that her telegram was unavailing to aid her, because it was sent to Syracuse from Rochester, where she was supporting herself awaiting action by the board on her several requests for relief. There is, of course, no merit on these facts in such a contention. As the learned Appellate Division Justice said in his opinion, speaking of the board: " It had been furnished with reports of her physical and mental condition, the result of examinations made after the commencement of the leave. One such report was from the very officer specified in rule 83. Knowing then on May 5, 1943, that petitioner wished reinstatement, a fair construction of rule 83, if the Board was to decline to act on her application without further examination, required it to say so to petitioner and not leave her in the dark as to its intention to declare a forfeiture. By its conduct the Board estopped itself to claim on the hearing herein that petitioner had been absent without leave or without its consent." (269 App. Div. 39, 43.) Certainly the unanswered letters which petitioner wrote to the board during her leave disclose no evidence of an abandonment of her position, nor can her actual presence before the board on May 9th be deemed necessary. Her letter of May 3d requested reappointment as of May 9th, but the board failed to reply to it. Her telegram of May 9th announced her immediate availability, but since the board had not advised her in reply to her letter of May 3d where or when to present herself, it was clearly no breach of contract or abandonment of position that she failed to appear personally.

The second argument advanced by respondents is that petitioner has not complied with the rules of the board requiring the passing of " such physical examination as may be prescribed by the health officer " after her leave of absence expired, and that the passing of such examination is a condition precedent to reappointment. There is no requirement in rule 83 as to the time when such physical examination must be taken, and peti-

tioner points to the medical report of the health officer of the board of May 28, 1942. Respondents urge that that examination was not in compliance with rule 83, since it was not made at the *request* of the board or the health officer. It seems to us that that argument of the board reveals the weakness of its position and confirms the fact that it failed to prescribe *any* examination. The board never *at any time* requested petitioner to submit to an examination by its health officer prior to the institution of this proceeding. The phrase " as may be prescribed by the health officer " indicates clearly that at least the extent of such examination is discretionary. The board did nothing from the time it granted petitioner's leave of absence for one year to the date on which it refused to extend that leave. It was advised on May 3d and on May 9th that petitioner requested reappointment on May 9th and was available for service. Having failed to inform her that it required that she pass a physical examination, either before or after her leave expired, the board may not now assert that she was not entitled to be reappointed on May 9, 1943. It may not now, nearly three years after its claim of abandonment, when the health of the petitioner may not be as it was on May 9, 1943, demand a physical examination as a condition of reappointment. The petitioner, after such reappointment, may of course be examined just as any other teacher in service if a charge be made that she is physically unfitted to teach. (See Education Law, § 872, subd. 3.)

The orders should be modified so as to provide for the unconditional reappointment of petitioner to the first vacancy for which she is qualified, the appointment to be effective as of May 9, 1943, with the credited teaching service and compensation which she would have had, had she been reappointed to the first vacancy for which she was qualified on or after May 9, 1943, less any compensation earned by her since that date and the matter remitted to the Special Term for proceedings not inconsistent with this opinion, with costs to the appellant in all courts.

DESMOND, THACHER and DYE, JJ., concur; LOUGHRAN, Ch. J., dissents and votes to affirm the order of the Appellate Division; LEWIS, J., taking no part; MEDALIE, J., deceased.

Ordered accordingly.