In the Matter of Louis R. TRILLING, Petitioner, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, December 12, 1946.

*Lorenz, Finn & Lorenz* for petitioner.

*John J. Bennett, Corporation Counsel* (*Michael A. Castaldi* and *Morris Weisberg* of counsel), for respondents.

SHIENTAG, J. This is a proceeding under article 78 of the Civil Practice Act, in which the petitioner seeks, in effect, a declaration, among other things, that he is a regular member of the English Department in the day-session faculty of the College of Liberal Arts and Sciences of City College, with full tenure rights as of May 20, 1931. Respondents have filed an amended answer to the petition, containing various defenses.

From 1923 to August, 1942, petitioner served in various capacities in the English Department of Townsend Harris, the preparatory high school of City College, rising to the grade of instructor with an annual salary of $4,500 and having tenure rights as of May 20, 1931. In May, 1942, Townsend Harris was abolished by resolution of the Board of Higher Education. Petitioner's position was abolished on August 31, 1942, when Townsend Harris was closed. (See *Matter of Wasmund* v. *La Guardia,* 287 N. Y. 417.) Subdivision 9 of section 1143-c of the Education Law provides in part as follows: " If the board abolishes or discontinues the position of a person upon whom

tenure is conferred through the operation of this section and can find no position in the educational unit in which such person has been serving which can be efficiently and capably filled by such person, then his name shall be placed and shall remain for three years upon a preferred eligible list of candidates for reappointment to fill a vacancy that may thereafter occur in a position which can be efficiently and capably filled by such person or to fill a newly created position which can be efficiently and capably filled by such person."

The Board of Higher Education, acting under the authority of this section of the Education Law, amended its by-laws so as to read in part: " There shall be a separate preferred eligible list for each rank in each department in each school. Each such list shall be applicable only to the rank, department and school for which it was created."

Petitioner's name was placed upon such a preferred eligible list, effective September 1, 1942. At the same time the board adopted a resolution that upon the discontinuance of Townsend Harris, the eligible lists of the teachers " shall not be deemed applicable to any positions in any of the municipal colleges."

Since the abolition of Townsend Harris, petitioner has been appointed to various temporary positions on the day and evening sessions of City College, after giving a so-called " waiver ", which at least served the purpose of giving him notice of the board's determination as to his status without tenure.

It seems clear that these appointments were not such as to give him tenure unless he might be considered as having been " transferred " from Townsend Harris to City College without loss of tenure. To hold that these temporary appointments were " transfers " without loss of tenure, within the meaning of subdivisions 2, 3 and 8 of section 1143-c of the Education Law would be doing violence to the expressed intention and to the entire course of conduct on the part of the Board of Higher Education. Petitioner asserts that the president of City College wrote to him stating that " for the purpose of voting in the Department and meeting such occasions as have to be met in the near future " the petitioner was entitled to tenure " from the time of transfer from the high school to the college ". It is apparent that this letter from the president of the college was intended only for the limited purpose of enabling the petitioner to participate as a member of the faculty in its deliberations. In any event, the president of the college by any tentative ruling, as alleged in paragraph 27 of the petition, has no power

to confer tenure, nor did his action, however construed, estop the Board of Higher Education from denying that the petitioner acquired tenure.

In March, 1945, petitioner addressed a letter to respondents, outlining his teaching career, stating that since September, 1944, he had been denied status as a member of the permanent teaching staff of the day session of City College, and asking that he be restored to his "rightful status." Petitioner was instructed by the Board of Higher Education to make his request through the president of City College. He did so but never received a definite reply. In or about the month of February, 1946, petitioner observed that the respondents had appointed approximately twenty new teachers to the English Department of the City College. Thereupon petitioner verified the petition herein on March 27, 1946, and caused the present proceeding to be instituted on or about April 9, 1946.

The central point of petitioner's case is that, at the time of abolishing Townsend Harris, respondents should have dealt with the faculty of that institution as if they had occupied corresponding positions in the City College. Specifically, the petitioner urges that the respondents acted wrongfully in abolishing his position and in placing his name on a preferred eligible list which explicitly was to have no application to any positions in the municipal colleges. In support of this position, petitioner argues that Townsend Harris was in reality part of City College. On the contrary, *Matter of Wasmund* v. *La Guardia* (287 N. Y. 417, 421, 423–424, *supra*) in effect held that Townsend Harris and City College were two distinct units, with separate teaching staffs, the former a noncollegiate institution.

The degree to which City College and Townsend Harris were administered as a unit is a matter in dispute in the papers before us, but I do not regard the question as a decisive one. Subdivision 9 of section 1143-c of the Education Law specifically empowers respondents to determine "the extent of applicability" of the preferred eligible lists. The board's determination that the preferred lists established upon the abolition of Townsend Harris should not be deemed applicable to positions in any of the municipal colleges, while on its face unfair to the teachers of Townsend Harris who had given long years of satisfactory and faithful service, cannot be held to have been an arbitrary determination. That is a matter which under the law rested in the sound discretion of the Board of Higher Education, with the exercise of which this court is without power

to interfere. Questions of fairness and of policy are for the Board of Higher Education, charged with the duty of administering the educational institutions coming under its jurisdiction. So long as the actions of the board are not in conflict with the law, the court will not substitute its judgment of what is fair and appropriate for that of the responsible educational authority. The petitioner, therefore, was not entitled as a matter of right to appointment to the English faculty of City College and is not now so entitled. That being so, no legal significance may be attached to the circumstances recounted in the petition with respect to the conduct of the committee on appointments set up by the staff of the English Department of the college.

The petitioner's case entitles him to most sympathetic consideration but under the law there is nothing which the court can order done to obtain for him the relief he seeks. The board did establish a preferred eligible list for him, as required by subdivision 9 of section 1143-c. As that subdivision also requires, the list was maintained for three years. As long as the eligible list remained in force, no appointments could be made except from the list. The petitioner does not suggest that anyone was added to the staff of City College or any other educational unit in disregard of that list. Perhaps the board will in the future, as it has in the past, find some way to avail itself of the services of the petitioner and of those similarly situated, but there is no way in which it can be compelled to give him legal tenure. The fact that petitioner was given temporary appointments at City College, having in mind the conditions under which temporary appointments were made, does not alter the legal situation.

In the sense that petitioner is seeking " to compel performance of a duty ", it does not appear that there has ever been a refusal on the part of respondents to perform that " duty ", and therefore respondents' contention that this petition was not timely brought, within section 1286 of the Civil Practice Act, is not well taken (*Matter of O'Connell* v. *Kern,* 287 N. Y. 297, 301; *People ex rel. Patterson* v. *Board of Education, Syracuse,* 295 N. Y. 313, modfg. 269 App. Div. 39). To the extent, however, that petitioner seeks in this proceeding to review the propriety of respondents' determination in 1942 that the eligible lists of former Townsend Harris teachers would not be applicable for positions in any municipal college, the petition is far from timely. The effect of that determination was brought to peti-

tioner's attention in May, 1942, when he signed an alleged waiver of tenure rights in any position in the evening session of City College to which he might be appointed.

Accordingly, it becomes unnecessary to consider whether sound public policy would sanction the exaction of a waiver in the circumstances of this case (*People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252, 259; *Small* v. *Housman,* 208 N. Y. 115, 123). It does not appear that under that " waiver " petitioner surrendered any legal rights which he might otherwise have had.

The essential facts are not in dispute; both sides agree that there is no triable issue; and the petition therefore is dismissed. Settle order.