Samuel M. Gold, J.
This is an application by the petitioner for an order directing Columbia University to reinstate him “asa certified candidate for the degree of Doctor of Philosophy at Columbia University in the City of New York and to have him finally examined for that degree on the basis of his dissertation as it now stands ”. Petitioner seeks, in the alternative, an order transferring the proceeding to the Appellate Division for disposition.
For the purposes of this opinion it will be assumed that, in a proper case, a proceeding of this nature may be maintained against a private university, such as Columbia is alleged in the petition to be. Even on this assumption, the application must be denied.
It was within the discretion of the university’s proper authorities to reject petitioner’s doctoral dissertation. There is ample evidence to support the refusal of the dissertation, and it is not established that the rejection was arbitrary, capricious or unreasonable. The court may not substitute its own opinion as to the merits of a doctoral dissertation for that of the faculty members whom the university has selected to make a determination as to the quality of the dissertation (People ex rel. Jones v. New York Homeopathic Med. Coll. & Hosp., 20 N. Y. 3, 379; People ex rel. Goldenkoff v. Albany Law School, 198 App. Div. 460, 466; People ex rel. O’Sullivan v. New York Law School, 68 Hun 118).
*796 Although the committee’s rejection of the petitioner’s dissertation was originally not final, in that it allowed petitioner an opportunity to revise his dissertation and continue his candidacy on that condition, petitioner refused to accept this condition. The rejection of the dissertation thus became final. In the circumstances, the university authorities did not abuse their discretion in terminating petitioner’s candidacy for the degree of Doctor of Philosophy. The university was under no legal compulsion or requirement to continue the candidacy of a person whose dissertation had been disapproved and who refused to revise it for further consideration.
The application for a transfer to the Appellate Division may not be granted. It is only ‘ ‘ Where the determination under review was made as the result of a hearing held, and at which evidence was taken, pursuant to statutory direction ”, that a transfer may be ordered (Civ. Prac. Act, § 1296). No hearing at which evidence was taken pursuant to statutory direction was had of required in the instant case. Motion denied.