Benjamin Brenner, J.
Petitioner seeks an order reinstating her to the position of public school teacher from the date when she was placed in “inactive” status, without pay, by the respondent (Board of Educ. of City of N. Y.) for allegedly being then physically unfit to teach. She contends that respondent’s failure to accord her a hearing and an opportunity to answer the charges which led to respondent’s action constitutes a violation of her tenured rights as a teacher (Education Law, § 2573).
Respondent does not deny that petitioner has such tenured rights and that she could not be suspended nor removed without a hearing. It takes the position, however, that where, as here, *467 a teacher has been fully examined and found by the board to be physically unfit to perform her duties, it has the power, among other things, to place the teacher in “ inactive ” status for a stated period of time pursuant to provisions of its by-laws (By-Laws of the Bd. of Educ., § 106, subd. 7a).
It is the general rule that a tenured teacher may not be removed without a hearing, even though the evidence in possession of the school board may appear to warrant removal (see Matter of Kobylski v. Agone, 37 Misc 2d 255, 261-264, affd. 19 A D 2d 761; Matter of Glass v. Board of Educ. of City of N. Y., 21 A D 2d 891; see, also, Record on Appeal Matter of Loucks v. Board of Educ., City of Amsterdam, 258 App. Div. 1003). Moreover, a teacher’s right to a hearing, accorded by statute, may not be altered by the board (Matter of Boyd v. Collins, 11 N Y 2d 228, 233).
Whether the action of the board resulted in a forced leave of absence due to illness, with payment from and reduction of accumulated absence reserve, or in a “ suspension” and placement on ‘ ‘ inactive ’ ’ status without pay is of no moment. What is important is the obvious fact that respondent’s action has effectively separated petitioner from her teaching position without the required hearing, which thereby prevented petitioner from attempting to refute the finding of ill-health, from preserving her accumulated absence reserve, and from earning her salary as a teacher. In my view, regardless of the terminology used, respondent’s action has effected a suspension of petitioner’s right to teach and such suspension without pay or accompanied by a loss of such accrued reserve constitutes an unwarranted, prejudicial and damaging removal from office during the period of suspension (see Matter of Wade, 40 N. Y. St. Dept. Rep., 44, 46). The finding of physical unfitness without a hearing was thus contrary to law (Education Law, § 2573, subd. 5) and petitioner is entitled to be reinstated as of the date she was placed in ‘" inactive ’ ’ status (People ex rel. Patterson v. Board of Educ., Syracuse, 295 N. Y. 313, 319). Petition granted.