Victor L. Anfuso, J.
This is an article 78 proceeding initiated by petitioner to compel her reinstatement as a licensed teacher with tenure as of January 2,1964 when she was directed by respondent to take a “leave of absence ” as a result of alleged illness. During the pendency of this proceeding, petitioner has been re-examined at the instance of respondent, found fit to reassume her duties and has been reinstated as of the beginning of the February 1965 Term. In effect then, the prime issue left for consideration is the loss of pay and exhaustion of accumulated sick leave by petitioner in the intervening period.
It is petitioner’s contention that her unsolicited leave of absence mandated by respondent constituted an effective suspension which was accomplished without benefit of hearing under section 2573 of the Education Law. Respondent’s view is that its action is sustainable under sections 2554, 2566 and 2568 of the Education Law and subdivision 7a of section 106 of *335 its own by-laws. The pertinent provisions of section 2554 (subd. 13, par. a) givé respondent the power to “ prescribe such regulations and by-laws as may be necessary to make effectual the provisions of this chapter”. Section 2566 grants powers and duties to a Superintendent of Schools “ subject to the by-laws of the board of education * * * To enforce all provisions of law * * * and regulations ” (emphasis supplied). Section 2568 empowers a Superintendent of Schools to require physical examination of any employee under certain required circumstances not here in issue. Presumably in accordance with the powers granted under section 2554, the respondent adopted subdivision 7a of section 106 of its by-laws pursuant to which it attempts to justify its procedure in this matter.
After a careful examination of subdivision 7a of section 106, this court is unable to concur with respondent’s interpretation of its provisions and can find no support therein for respondent’s action in the ease of this petitioner. In substance, this subdivision provides that an employee who has exhausted his compensable sick leave “ shall immediately apply for and accept a leave of absence without pay” and upon expiration of such leave “ shall immediately apply for and accept a further leave ”. Enforcement of the requirements of this by-law is governed by its own terms as follows: “ Failure by an employee to apply for and accept a leave of absence without pay in accordance with the provisions of this Section or to comply with any of the pertinent regulations shall be deemed neglect of duty and an act of insubordination.” It does not as respondent claims, give it the right to foist an unwanted and unsolicited leave of absence on the employee. There is no record whatever that petitioner asked for or wanted such leave. In point of fact, petitioner repeatedly asserts, without contradiction by respondent, that such leave was ‘ ‘ obligatory and involuntary. ’ ’
Absent the foregoing very grave objection, there still remains the broad issue raised by petitioner that this enforced leave was for all practical purposes a suspension and that a hearing should have been accorded her pursuant to section 2573 of the Education Law. This court is in complete agreement with that thesis (Matter of Wade, 40 N. Y. St. Dept. Rep. 44; Matter of Boyd v. Collins, 11 N Y 2d 228; Madison v. Gross, N. Y. L. J., Dec. 16, 1964, p. 15, col. 3; Matter of Brown v. Board of Educ., 44 Misc 2d 466). Respondent’s position that petitioner was not “ suspended ” or “ removed ”, that she was only “on a leave of absence without pay ”, is a species of sophistry that will not bear logical examination. In theory, such a leave of absence could constitute an effective severance of indefinite duration. *336 The facts in Matter of Brown v. Board of Educ. (supra) are quite similar except that this respondent adopted the view in that case that the petitioner was on ‘1 inactive status. ’ ’ The net result is the same. Respondent’s position that petitioner in the instant proceeding does not have the same complaint since she has been reinstated since this proceeding began, poses a distinction only in degree. Petitioner here has .still lost over a year in pay and accumulated sick leave under circumstances that cannot be justified under the applicable statutory law or respondent’s by-laws. Counsel for respondent suggest in their argument that if petitioner’s request for a hearing was proper and had been granted, “ quite possibly her license would have been revoked.” The point is not well taken. Regardless of the final action that might have been taken by the board, such a hearing is petitioner’s right and privilege.
Accordingly, petitioner’s application is in all respects granted and respondent is directed to reinstate her as of the date when she was originally relieved of her duties, with full restoration of lost pay and sick leave.