■ In the Matter of the Estate of CARMELA CINQUE, Deceased. JOSEPHINE CINQUE, Appellant; ALBERT CINQUE et al., as Temporary Administrators of the Estate of CARMELA CINQUE, Deceased, Respondents.— In a proceeding by two temporary administrators to discover property of their decedent's estate, namely, a certificate of capital stock in a certain corporation, claimed to have been withheld by the decedent's daughter (who alleged an *inter vivos* gift to her), said daughter appeals from a decree of the Surrogate's Court, Nassau County, entered April 6, 1965 upon a jury verdict, which adjudged that the certificate is the property of the estate, ordered appellant to deliver the certificate to petitioners and ordered the corporation to record a transfer of the certificate and to issue a corresponding certificate to the estate. Decree reversed on the law and a new trial granted, with costs to abide the event. No questions of fact have been considered. In our opinion, the learned Surrogate committed three errors in his rulings on the admissibility of evidence: (1) he excluded testimony regarding conversations between an attorney and decedent as privileged, even though petitioners, who were claiming the privilege, failed to come forward and establish the confidential nature of the conversations; (2) he did not permit appellant to treat a witness as hostile, although the witness was patently biased; and (3) he did not permit appellant to refresh a witness' recollection after "surprise" testimony had been adduced. The cumulative effect of these errors substantially affected appellant's ability to develop her evidence regarding the elements of "intent" and "delivery" which were essential if her claim of an *inter vivos* gift were to be established; and resulted in prejudice as to these vital elements sufficient to warrant a new trial. Moreover, in view of the issue of whether the decedent intended to leave each of her three children an equal share of her estate, bearing upon which is the factor that decedent omitted any testamentary gift to appellant in the document propounded as the decedent's will in the pending probate proceeding, in which document the decedent declared that she had already amply provided for appellant, further exploration on a new trial is warranted. Whether the decedent, by the use of the term "ample provision" for appellant in the propounded will, intended to indicate a wish for "equal provision" for her would be for the jury. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of LOUISE V. PANTALEO, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In a proceeding under article 78 of the CPLR to require the Board of Education of the City of New York to reinstate petitioner to her position as a teacher, the board appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, entered June 30, 1965 upon reargument, as adhered to the court's original decision [46 Misc 2d 334] and the judgment entered thereon, dated April 8, 1965, which granted the petition and directed the board to restore petitioner to her position, effective January 2, 1964, the date on which she had been placed on inactive status pursuant to subdivision 7a of section 106 of the board's by-laws. Order, insofar as appealed from, reversed on the law, without costs, judgment vacated and petition dismissed, without costs. The board acted within its power (*Brown* v. *Board of Educ.,* 23 A D 2d 850, affd. 16 N Y 2d 1021). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.