Harold E. Kokemart, J.
This is an application hy petitioner for an order compelling respondents to reinstate him in the second year academic program leading to a Master of Social Work degree, and also to provide a program of field instruction for him. In the alternative, petitioner seeks to compel respondents to reinstate him in the academic program and credit him for his prior year’s experience in field work sufficient to entitle him to the degree in June of 1971. Respondents have filed answer containing objections in point of law and an affirmative defense seeking dismissal of the petition as a matter of law.
The facts out of which this proceeding arises disclose that petitioner began his two-year course of study for a Master’s degree in Social Work in the fall of 1969; that his grades for the first year met the minimum requirements of the State University, he having maintained a ‘ ‘ B ” average in academic studies and an “ S ”, or satisfactory, in the field work portion of his course. At the end of the fall semester of his second year petitioner received a grade of “ B ” in academic studies and a “ U ”, or unsatisfactory, in field work, and he was suspended from any further study at the School of Social Welfare. Petitioner contends that his suspension was arbitrary and in violation of his constitutional and contractual rights since he was a student in good academic standing at the time of his suspension. The basis of this contention is the allegation that petitioner received a grade of “B” in his academic studies *580 at the end of the fall, 1970 semester and an ‘1 unsatisfactory ’ ’ in field instruction which he had been prevented from completing by respondents’ action.
Under the rules and regulations for its Graduate School and for the School of Social Welfare the university reserves the right to terminate the registration of any student who does not meet the standards acceptable to the university. “ Courts may not interfere with the administrative discretion exercised by agencies which are vested with the administration and control of educational institutions, unless the circumstances disclosed by the record leave no scope for the use of that discretion in the matter under scrutiny”. (Matter of Lesser v. Board of Educ., 18 A D 2d 388, 390; Matter of Wasmund v. La Guardia, 287 N. Y. 417, 420-421.) Similarly, when a university, in expelling a student, acts within its jurisdiction, not arbitrarily but in the exercise of an honest discretion based on facts within its knowledge that justify the exercise of discretion, a court may not review the exercise of its discretion. (Matter of Carr v. St. John’s Univ., 17 A D 2d 632, affd. 12 N Y 2d 802; see, also, Matter of Edde v. Columbia Univ., 8 Misc 2d 795, affd. 6 A D 2d 780, app. dsmd. 5 N Y 2d 881, cert. den. 359 U. S. 956.) Thus, the only issue before the court is whether under the facts and circumstances here there was a clear abuse of statutory authority or a practice of discrimination or gross error on the part of respondents. (Matter of Lesser v. Board of Educ., supra.)
Affidavits have been submitted in opposition to petitioner’s application by faculty members, advisors, instructors, the director of field instruction and the Dean of the School of Social Welfare. All of the affidavits attest to the fact that petitioner’s performance in the prescribed field work was unsatisfactory and that he should not be continued in the course in which he was enrolled. Under such circumstances it cannot be said that petitioner was a student in good standing, nor has there been any 'showing by petitioner that respondents abused their discretion in terminating him as a student in the School of Social Welfare. (Matter of Edde v. Columbia Univ., supra.)
In my opinion the issues raised and the relief sought fall squarely within the authorities cited herein, requiring denial of the application. Accordingly, the petition is dismissed as a matter of law.