■ In the Matter of DINO FIACCO, Individually and as Parent and Natural Guardian of ANGELO FIACCO, Respondent, v HAROLD SANTEE, as Headmaster of Albany Academy, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered September 5, 1978 in Albany

County, which granted petitioner's application, in a proceeding under CPLR article 78, to prohibit the Albany Academy from refusing to grant Angelo Fiacco a diploma to which he was adjudged entitled. Angelo Fiacco transferred to the Albany Academy in the fall of 1973. Although he had completed grade seven at the school he previously attended, the academy required him to repeat the seventh grade because of differing standards between the two schools. Three academic programs were available to academy students in grades 9 through 12: the liberal studies program, in which 32 credits were required for graduation; the academic program, in which 38 credits were required; and the academic honors program, in which 40 credits were necessary. Angelo initially enrolled in the academic program, but when he obtained 32 credits, he transferred to the liberal studies program. Angelo's father, Dino Fiacco, subsequently petitioned the faculty of the academy to allow Angelo, then a junior, to graduate with the class of 1978 so that Angelo's grandparents, who apparently were elderly and in ill health, could attend the graduation ceremonies of June 8, 1978. The faculty rejected this request, and this proceeding was brought. Special Term concluded that the faculty abused its discretion in failing to approve the father's request, and directed the academy to grant Angelo a diploma. The judgment must be reversed. Early graduation at the academy is an academic matter clearly within a professional judgment and discretion of the faculty of the academy. The program of studies of the academy sets forth the conditions under which a student may graduate prior to completing the twelfth grade. It provides that "some" students in the academic or academic honors program "may" graduate early "with the approval of the faculty". The program specifically provides, however, that "in no event will completion of the Liberal Studies Program before the end of [the twelfth grade] qualify for a diploma." Although Angelo had accrued 32 credits, the minimum required for the liberal studies program, he was not automatically entitled to graduate early because that program plainly does not permit early graduation. There is no mandatory right to early graduation even for those with required credits who are in the academic honors program or the academic program. Since a student in the liberal studies program is not entitled to graduate early, the faculty did not abuse its discretion in rejecting the application of Dino Fiacco to permit his son to graduate early. The courts have no power to review the competence of educational institutions in making academic judgments as to whether a student is entitled to a degree where, as here, the determination was not arbitrary and capricious (cf. *Matter of Sofair v State Univ. of N. Y. Upstate Med. Center Coll. of Medicine*, 44 NY2d 475, 479-480; *James v Board of Educ.*, 42 NY2d 357, 358; *Matter of Carr v St. John's Univ.*, 17 AD2d 632, affd 12 NY2d 802). Judgment reversed, on the law, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.