OPINION OF THE COURT
John S. Lockman, J.
Motion for an order pursuant to CPLR article 78 directing that petitioner be admitted to the Valley Stream South High School Chapter of the National Honor Society is denied and the petition is dismissed.
In the spring of 1980, while enrolled as a junior at Valley •Stream South High School, petitioner became eligible for consideration by the selection committee of the school chapter of the National Honor Society. Local chapters of the society operate under a charter from the national organization and their own local constitution and guidelines. In the instant case, the local chapter’s selection committee had sole authority to choose the members of the chapter. Under its guidelines all students with an academic average of 85% or better were eligible and members were selected from among those eligible on the basis of scholarship, service, *964 leadership and character. Each factor was to be given equal weight.
The process of selection called for the chairman of the selection committee to distribute evaluation sheets for each eligible student to the members of the faculty. A summary sheet was then prepared for each student from the faculty evaluations. A two-thirds vote of the selection committee constituted election to the society. Petitioner met the academic requirements for eligibility and indeed ranked tenth in his class. Nevertheless, he was not selected. Those eligible but not selected in their junior year may again be considered for selection in their senior year. (Selection Committee Guidelines for Valley Stream South High School, p 3.) Petitioner, however, elected to participate in an early college admissions program at Adelphi University and left high school after his junior year.
Petitioner’s parents met with the school principal to request a reconsideration by the selection committee. Dr. Goldberg, the school principal, reviewed the selection process with regard to petitioner. Petitioner had failed to secure the two-thirds vote required for admission because his leadership and service qualifications were viewed by certain members of the faculty as inadequate. It is conceded, however, that petitioner had participated in service-type activities and had held offices in certain school clubs. Dr. Goldberg’s inquiry revealed that 18 faculty members had failed to return evaluation forms on petitioner and by the following day he secured the return of 17 of these forms. The selection committee then met again to review petitioner’s qualifications but again did not select him.
Petitioner’s parents requested an opportunity to appear before the selection committee and make a presentation in support of their son’s qualifications. The request was denied.
Petitioner’s father appealed by letter to the Commissioner of the New York State Education Department, Gordon M. Ambach. The Deputy Commissioner, Robert Spillane, answered that an inquiry had been made and had revealed nothing improper. In addition, the deputy commissioner informed petitioner’s father that he might pursue *965 an appeal to the State Education Department if he deemed it appropriate.
Petitioner then commenced this special proceeding pursuant to CPLR article 78 to set aside the determination of the selection committee upon the ground that it was arbitrary and capricious.
The courts are reluctant to interfere in matters involving academic standards. (Olsson v Board of Higher Educ., 49 NY2d 408, 413.) “The general legislative and constitutional system for the maintenance of public schools secures review by the board of education and, on the State level, by the Commissioner of Education. The purpose of these provisions ‘is to make all matters pertaining to the general school system of the state within the authority and control of the department of education and to remove the same so far as practicable and possible from controversies in the courts.’ (Bullock v Cooley, 225 NY 566, 576-577)” (James v Board of Educ., 42 NY2d 357, 366). Thus, the Court of Appeals has refused to invoke normal principles like equitable estoppel lest public confidence .in academic credentials be eroded. “Indeed, the value of these credentials from the point of view of society would be seriously undermined if the courts were to abandon their long-standing practice of restraint in this area” (Olsson v Board of Higher Educ., supra, p 413).
In the instant case, the individual chapter’s selection committee made up of faculty members is empowered to use its judgment and discretion in applying the criteria and choosing from among those eligible for membership. It would be as inappropriate for this court to substitute its judgment for the good faith determination of the selection committee, as it was for the court in Matter of Fiacco v Santee (72 AD2d 652) to substitute its judgment for that of the faculty which denied a student early graduation. (See, also, Matter of Edde v Columbia Univ. in City of N. Y., 8 Misc 2d 795, “The court may not substitute its own opinion as to the merits of a doctoral dissertation for that of the faculty members whom the university has selected to make a determination as to the quality of the dissertation”.)
*966 The mere allegation that the decision of the selection committee was arbitrary and capricious does not entitle petitioner to the relief demanded. (Matter of Merhige v Copiague School Dist., 76 AD2d 926.) The petitioner’s interest in membership in the National Honor Society was only an abstract concern. Having taken advantage of an early college admissions program, he could not have participated in the activities of the Valley Stream South High School Honor Society Chapter. (See National Association of Secondary School Principals, National Honor Society Handbook, p 23.) While members of the National Honor Society are eligible for scholarships, by itself membership brings no financial reward. The United States Supreme Court has held that an untenured teacher has no property interest in his teaching position so as to give rise to a due process right to a hearing prior to dismissal. (Board of Regents v Roth, 408 US 564.) Petitioner here has even less of a claim to a hearing, “To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim * * * to it.” (Board of Regents v Roth, supra, at p 577.) While petitioner had an understandable desire for membership in the National Honor Society, this court cannot say that the decision denying him admission violated any of his rights or would justify court intervention into the realm of educational decision making.